## Randazza v. Alberts

Before Lencher, P. J., Brosky and Guffey, JJ.

*Berger & Berger*, for plaintiffs.

*Lee J. Leonard*, for defendants.

BROSKY, J., July 7, 1960.—This matter is before the court on defendant's petition for reargument to consider preliminary objections to plaintiffs' complaint in that it fails to state a cause of action.

Plaintiffs seek to recover the sum of $2,125, which

was paid by plaintiffs to defendants for a judgment which defendants had entered at D. S. B. no. 3745, October term, 1956, in the Court of Common Pleas of Allegheny County, which judgment was in the sum of $12, 283 in favor of defendants against plaintiffs and Louis Festa and Mary E. Festa, his wife. The complaint further avers that subsequent to plaintiffs' purchase of said judgment, the court of common pleas, on petition of Louis and Mary E. Festa, ordered the judgment to be stricken from the records because of a defect appearing thereon. The judgment being void, plaintiffs now seek to recover the sum of money paid therefor; namely, $2,125, with interest.

Obviously, it is quite clear that plaintiffs and others were indebted to defendants and, by plaintiffs' purchase of said judgment, defendants had released plaintiffs on payment of a lesser sum of the full value of the debt due and owing to defendants. When plaintiffs paid and received the assignment of the judgment under which plaintiffs and others were indebted to defendants, they were undoubtedly familiar with all the facts and circumstances which caused the entry of the judgment against them in the first place. Surely plaintiffs knew then, as well as now, the situation and reason for their indebtedness to defendants. When plaintiffs saw an opportunity to satisfy a larger debt on payment of a lesser sum to defendants they seized it. Nowhere does the complaint show that such payment was made under compulsion or duress. The effect, therefore, of the order striking off the judgment did nothing more than remove the remedy for the collection of their debt. It did not, however, remove the initial right of plaintiffs' debt to defendants: Wagner v. Beaver Valley Water Company, Inc., 9 D. & C. 90.

Upon making the payment of $2,125 on account of their debt, plaintiffs have received in effect a release of all their liability to defendants. Regardless of the

judgment, plaintiffs owed a debt to defendants which they had satisfied by the payment of a sum of money which they seek now to recover. It is a well-known principle of law that in the absence of statute granting relief "where a man demands money of another as a matter of right, and he pays it with a full knowledge of the facts on which the demand is founded, he can never recover back the sum he has so voluntarily paid": Union Ins. Co. v. City of Allegheny, 101 Pa. 250, 255.

In view of the foregoing, plaintiffs' complaint does not state a cause of action to give plaintiffs a right to recover the money paid for a debt due and owing defendants.

### Order of Court

And now, to wit, July 7, 1960, it is hereby ordered, adjudged and decreed that the order of court entered July 7, 1959, is hereby vacated; that defendants' preliminary objections be sustained and that judgment be entered against plaintiffs and in favor of defendants upon the pleadings.